UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFREDO MORAN, SR.,

        Plaintiff,

vs.

Case No. 09-CV-12042
HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

### ORDER ACCEPTING REPORT AND RECOMMENDATION (# 16), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT(# 9), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 14) AND DISMISSING PLAINTIFF'S CLAIM

This matter is before the court on cross-motions for summary judgment as to plaintiff Alfredo Moran, Sr.'s claim for judicial review of defendant Commissioner of Social Security's denial of his claim for disability benefits. Moran's claim, filed on November 16, 2006, alleges he became unable to work on November 10, 2006. The claim was initially disapproved by the Commissioner on March 20, 2007. Plaintiff requested a hearing, which was held December 18, 2008 before ALJ Jerome B. Blum. Judge Blum issued a decision on March 16, 2009, finding that Moran was not disabled, and that he was capable of performing his past work as a dishwasher. The Appeals Council denied Moran's Request for Review on May 14, 2009.

The matter was referred to Magistrate Mark Randon, who issued a Report and Recommendation on July 20, 2010, recommending that plaintiff's motion for summary judgment be denied, defendant Commissioner's motion for summary judgment be granted,

and that the findings of the Commissioner be affirmed and plaintiff's claim be dismissed. The magistrate judge concluded that the decision of the ALJ was supported by substantial evidence supporting the conclusion that plaintiff was able to perform his past work as a dishwasher and was not disabled.  Moran filed timely objections on July 27, 2010.

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.  A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  See 42 U.S.C. § 405(g).  Findings of fact by the Commissioner are conclusive if supported by substantial evidence.  Id.  The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).

Moran makes two objections to the magistrate's recommendations: 1) that Moran's activities of daily living did not support the finding that he was able to work, and 2) that the magistrate should not have affirmed the ALJ's rejection of Dr. Ramanathan's 2008 opinion that Moran was a candidate for permanent disability.

Moran argues that the ALJ and magistrate did not consider certain evidence in the discussion of his activities of daily living.  Moran disputes the finding that he could walk three times a week, but there is clear support for this finding in the record.  (Tr. 126, 300). Moran also claims he was tired and weak all the time.  The ALJ noted that Moran made inconsistent statements and determined that his testimony regarding the severity and limiting effects of his symptoms was not credible.  The magistrate accepted the ALJ's

2

credibility finding, and Moran has not raised a specific objection in this regard.

Moran's treating physician, Dr. Ramanathan, opined in a June 23, 2008 letter that Moran was a candidate for permanent disability. The ALJ rejected this opinion and the magistrate found such rejection to be proper. Dr. Ramanathan's opinion was not entitled to controlling weight because it reached the issue of disability, which is reserved for the Commissioner. See 20 C.F.R. § 404.1527(e). Moran argues Dr. Ramanathan's opinion is still entitled to "great deference" in this case because it is based on a review of Moran's medical records and the current status of his health condition. Moran is not correct. The regulations provide that a medical source opinion on issues reserved to the Commissioner will not be given any special significance. 20 C.F.R. § 404.1527(e)(3).

The ALJ considered the record as a whole, and determined that it did not support Dr. Ramanathan's opinion of permanent disability. This is not the same as *ignoring* Dr. Ramanathan's opinion. Both the ALJ and magistrate found that the record did not support a finding of permanent disability. The very letter in which Dr. Rathmanathan stated his opinion contains a summary of Moran's treatment for the first half of 2008, and importantly does not document any worsening of Moran's condition. The court finds that not only was Dr. Ramanathan's opinion afforded proper consideration, it was not supported by the record in this case.

Upon *de novo* review, plaintiff's objections are OVERRULED. Accordingly,

3

The court hereby adopts the July 20, 2010 Report and Recommendation consistent with the analysis herein. Plaintiff Moran's motion for summary judgment is DENIED. Defendant Commissioner of Social Security's motion for summary judgment is hereby GRANTED. Moran's claim is hereby DISMISSED with prejudice.

Dated: August 23, 2010

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 23, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---